IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| HOPE SALAMONE,<br>KATHY MCGIVERN, and<br>STEVE KEEDY, as the guardians of<br>ROBERT HOFFER,<br><br>　　　Plaintiff,<br><br>v.<br><br>COMMUNITY SYSTEMS, INC.<br>Serve:<br>10400 Eaton Place, Suite 501<br>Fairfax, VA 22030<br><br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br><br>Case No. _____ |

## COMPLAINT

1. Plaintiffs Hope Salamone, Kathy McGivern, and Steve Keedy are the co-guardians and siblings of Robert Hoffer. Ms. Salamone resides at 166 Harrison Avenue, Westfield, New Jersey 07090. Ms. McGivern resides at 1219 Margaret Street, Key West, Floria 33040. Mr. Keedy resides at 24107 Mercers Crossing Court, Aldie, Virginia 20105.

2. Robert Hoffer resides at 13391 Coppermine Road, Apartment 403, Herndon, Virginia 20171.

3. Community Systems, Inc. (CSI) is a Massachusetts corporation with its primary place of business located at 3 Cedarhill Park Drive, Plymouth, Massachusetts 02360.

4. CSI is a corporation that assists persons with disabilities who reside in Massachusetts, Connecticut, Delaware, and regarding this case, Virginia.

5. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship. The amount in controversy exceeds $75,000, not counting interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred in Maryland.

7. Mr. Hoffer is wheelchair-bound due to tetraplegic cerebral palsy. CSI has overseen Mr. Hoffer's care for many years while he has lived largely independently in his apartment in Herndon, Virginia.

8. On August 23, 2018, Mr. Hoffer was on a trip to Ocean City, Maryland, which had been organized and was overseen by CSI and its employees. Mr. Hoffer was staying at the Spinnaker Hotel, where two CSI employees, Robert McGhee and Maximillian Garland, had traveled with him and were responsible for his mobility and physical safety.

9. Shortly before 5:30 PM on August 23, 2018, Mr. McGhee and Mr. Garland attempted to bring Mr. Hoffer back into his hotel room after a trip to the boardwalk. Garland entered the room first while McGhee stood behind Hoffer's wheelchair on a landing with a staircase located nearby. Suddenly, McGhee let go of Hoffer's wheelchair and ran into the hotel room to use the restroom, leaving Hoffer unattended. He also left the wheelchair unsecured and facing the direction of the staircase. Hoffer's wheelchair rolled toward the staircase and down eight steps, resulting in Hoffer striking his head.

10. After Mr. Hoffer fell down the stairs, Mr. McGhee and Mr. Garland called 911 and lifted him and his wheelchair up the stairs and into the hotel room.

11. CSI had added Mr. McGhee to this trip at the last minute, in place of one of Mr. Hoffer's regular caregivers.

12. Mr. McGhee was not familiar with Mr. Hoffer, his care requirements, or his equipment.

13. When the EMTs arrived on the scene, they found Mr. Hoffer, who was 60 years old at the time, with a 1.5-inch laceration on the top of his head. The EMTs recorded that his pulse was racing at 132 beats per minute, and he was having trouble breathing. His blood oxygen levels were as low as 83% while he was being transported to the Peninsula Regional Medical Center (PRMC).

14. At PRMC, Mr. Hoffer was treated for many injuries related to him falling down the stairs: in addition to the head injury he suffered, he was also in acute hypoxic respiratory distress and was placed in the ICU. This condition quickly led to multifocal aspiration pneumonia and sepsis, requiring intubation, sedation, and a week-long course of intravenous antibiotics. He also had significant difficulty swallowing – likely due to being intubated – and was diagnosed with oropharyngeal dysphagia, and received a nasogastric tube (NG), which was eventually replaced with a percutaneous endoscopic gastrostomy (PEG) tube. Hoffer also had severe pain in his legs for weeks before PRMC doctors found that he had also suffered bilateral distal femur condyle fractures when he fell down the stairs, resulting in him being placed in a knee immobilizer while the fractures healed. He was also found to have increased levels of Troponin in his blood, indicating that he had suffered a heart attack following his fall.

15. Mr. Hoffer was hospitalized at PRMC for nearly a month, before being discharged to Dulles Health & Rehab Center (DHRC) on September 19, 2018, where he would remain an inpatient until March 8, 2019. While at DHRC, Hoffer was being primarily treated for oropharyngeal dysphagia and difficulty swallowing, and he was continued on the PEG tube throughout the entirety of his admission. In addition, Hoffer continued to receive

treatment for the wound on his head, which still had not completely healed, management of his medications, including those for pain in his legs (including oxycodone), management of his PEG tube, and other issues related to his fall.

16. At DHRC, Mr. Hoffer also suffered a deep pressure wound on his left heel, as well as one on his upper back, which eventually tested positive for MRSA and took months to heal.

17. After being discharged from DHRC, Mr. Hoffer regularly saw Dr. Kevin Lee of Herndon Family Medicine. Hoffer remained on the PEG tube until he was able to transition off of it until September 23, 2019.

18. Mr. Hoffer is still suffering severe and permanent injuries as a result of his incident. He has suffered from severe back pain since this incident occurred as the result of him spending months on his back as he recuperated. He suffered extreme terror and emotional distress before, during, and after his wheelchair careened towards and down the stairs at the Spinnaker Hotel. To this day he still suffers from depression after the long hospitalization and course of treatment he endured recovering from his injuries.

19. The defendant and its employees owed a duty to exercise reasonable care for Mr. Hoffer.

20. CSI as the employer of Mr. McGhee and Mr. Garland is liable for their negligence and Mr. Hoffer's resulting injuries.

21. The defendant and its employees were negligent in, among other ways: (1) failing to properly train Mr. McGhee and Mr. Garland, (2) assigning McGhee to work with Mr. Hoffer, and allowing McGhee to be responsible for securing his wheelchair at the top of the stairs at the Spinnaker Hotel when he was unfamiliar with Hoffer and his equipment, (3) failing to push Hoffer's wheelchair into the hotel room before leaving him unattended, and (4) positioning Hoffer's wheelchair in such a way so that, if left

unattended, it would fall down a flight of stairs, and (5) failing to lock and secure Hoffer's wheelchair before leaving it unattended. This negligence proximately caused Hoffer's wheelchair to roll down the flight of stairs causing injuries.

22. Mr. McGhee and Mr. Garland were acting within the scope of their employment with CSI when they were taking care of Mr. Hoffer on August 23, 2018.

23. The plaintiff makes claim for all damages recoverable under the law, such claims having been timely made within the three-year statute of limitations, including past medical expenses, future medical expenses, physical pain, mental anguish, and inconvenience.

24. The plaintiff demands judgment of the defendant in an amount in excess of $75,000.

Respectfully submitted,

*/s/ Patrick A. Malone*

Patrick A. Malone, # 06752
Daniel C. Scialpi, # 18068
Patrick Malone and Associates, PC
1310 L Street, N.W., Suite 800
Washington, DC 20005
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com
P: (202) 742-1500
F: (202) 742-1515

**Jury Demand**

The plaintiffs demand a trial by jury.

*/s/ Patrick A. Malone*

5